■ CITY TRADING FUND et al., Appellants, v C. HOWARD NYE et al., Respondents. [43 NYS3d 21]—

Order and judgment (one paper denominated an order), Supreme Court, New York County (Shirley Werner Kornreich, J.), entered January 22, 2015, dismissing the action with prejudice as to the named plaintiffs and without prejudice as to other members of the proposed class, and order, same court and Justice, entered January 9, 2015, which denied plaintiffs' motion for preliminary approval of the parties' settlement and preliminary certification of the class, unanimously reversed, on the law and the facts, without costs, the judgment vacated, the motion granted, and the matter remanded for a hearing to determine whether the settlement should receive the final approval of the court and whether plaintiffs' counsel should be awarded attorneys' fees and expenses in the sum of $500,000.

As a result of the proposed settlement, the shareholders obtained a number of additional disclosures reflected in the supplemental proxy statement, including disclosures of additional information regarding the investment banks' conflicts of interest and the projections upon which they relied in rendering their fairness opinions, that were arguably beneficial (*see West Palm Beach Police Pension Fund v Gottdiener*, 2014 NY Slip Op 32777[U], *7-8 [Sup Ct, NY County 2014]). The motion court's finding otherwise was, at the very least, premature,

and should have awaited a fairness hearing during which opposition from shareholders could have been expressed (*see e.g. Gordon v Verizon Communications, Inc.*, 2014 NY Slip Op 33367[U], *5-6 [Sup Ct, NY County 2014]).

The court reached its conclusion only in conjunction with its premature primary finding that the supplemental disclosures were so inadequate as to render the settlement not fair and adequate; on the record before us, the evidence of the tactics of the named plaintiffs and their counsel is not sufficient to warrant denial of preliminary class certification and preliminary approval of the settlement. Concur—Mazzarelli, J.P., Renwick, Richter, Manzanet-Daniels and Feinman, JJ.