City Trading Fund v Nye (2019 NY Slip Op 02789)





City Trading Fund v Nye


2019 NY Slip Op 02789


Decided on April 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2019

Acosta, P.J., Manzanet-Daniels, Tom, Oing, JJ.


651668/14 8976 8975

[*1]City Trading Fund, et al., Plaintiffs-Appellants,
v
C. Howard Nye, et al., Defendants. 
Chapter IV Investors, LLC, et al., Objectors-Respondents.


Mintz & Gold LLP, New York (Howard Miller of counsel), and The Brualdi Law Firm, P.C., New York (John F. Keating, Jr. of counsel), for appellants.
Dewey Pegno & Kramarsky, LLP, New York (David S. Pegno of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Shirley Werner Kornreich, J.), entered March 12, 2018, revoking preliminary settlement class certification and dismissing the action with prejudice as to the named plaintiffs and without prejudice as to other members of the proposed class, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about February 8, 2018, which denied plaintiffs' motion for final approval of the settlement, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiffs seek approval of a disclosure-only settlement of litigation arising in connection with defendant Martin Marietta Materials, Inc.'s (MMM) acquisition of defendant Texas Industries, Inc. (TXI).
Plaintiffs place undue reliance on this Court's decision in City Trading Fund v Nye (144 AD3d 595 [1st Dept 2016]), which concerned preliminary approval of the disclosure-only putative class action settlement and thus involved a different and more lenient standard than that applicable to final approval (see Saska v Metropolitan Museum of Art, 53 Misc 3d 1212[A], 2016 NY Slip Op 51628[U], *10 [Sup Ct, NY County, Nov. 10, 2016]).
Plaintiffs failed to show that the supplemental disclosures obtained in the settlement (which contained no corporate governance reforms) were of "some benefit" to shareholders voting on the MMM/TXI transaction (see Gordon v Verizon Communications, Inc., 148 AD3d 146, 158-159 [1st Dept 2017]). At the fairness hearing, plaintiffs offered no evidence that MMM advisors' ownership of TXI shares had any bearing on the advisors' assessment of the transaction. Nor is there any evidence that the advisors engaged in manipulative conduct affecting the transaction or stood to reap significant economic benefits beyond
potentially enhanced share value (cf. In re Del Monte Foods Co. Shareholders Litig., 25 A3d 813 [Del Ch 2011]; In re John Q. Hammons Hotels Inc. Shareholder Litig., 2009 WL 3165613, 2009 Del Ch LEXIS 174 [Del Ch, Oct 2, 2009], appeal refused 984 A2d 124 [Del 2009]; David P. Simonetti Rollover IRA v Margolis, 2008 WL 5048692, 2008 Del Ch LEXIS 78 [Del Ch, June 27, 2008]). In In re Columbia Pipeline Group, Inc. Shareholder Litig. (2017 Del Ch LEXIS 123 [Del Ch, Mar. 7, 2017]), the court expressed a personal preference for greater disclosure of bankers' holdings in companies they were advising in transactions, but acknowledged that greater disclosure was not required where such holdings "[did] not rise to the level of an actual conflict" (id. at *9). Moreover, the court recognized that the disclosures at issue were in the bankers' Forms 13-F, as the instant supplemental disclosures also state (id.).
Plaintiffs failed to show that the disclosure of fees earned by a JPMorgan affiliate for services previously rendered to a major TXI shareholder was of some benefit to shareholders. At the fairness hearing, plaintiffs' counsel did not dispute the court's assertion that the fees were earned in an unrelated context. Their arguments about the possible impact of that prior relationship on JPMorgan's judgment about the TXI/MMM transaction are entirely speculative. The supplemental disclosures related to earnings before interest, taxes, depreciation, and amortization (EBITDA) are very limited additions to the original proxy disclosures; the only new information is the actual dollar amounts of the consensus estimates for each of TXI's and MMM's EBITDA for calendar years 2014 and 2015. However, as the proxy itself stated, these estimates were publicly available. In any event, plaintiffs do not explain the effect these estimates may have had on the advisors' recommendations.
In failing to demonstrate that the supplemental disclosures are of some benefit to shareholders, plaintiffs failed to show that MMM's payment of $500,000 in fees to plaintiffs' counsel for obtaining them is in MMM's or its shareholders' best interests (see Gordon, 148 AD3d at 158). Given the strength of these factors when weighed against the fairness of the settlement,
consideration of the remaining Gordon factors (see 148 AD3d at 156-158) is academic.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 11, 2019
CLERK